PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
KOJO MOORE, ESQ. (STATE BAR NO. 236483)
P. BOBBY SHUKLA, ESQ. (STATE BAR NO. 229736)
PRICE AND ASSOCIATES
1617 Clay Street
Oakland, CA  94612
Telephone:  (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
MOYSE HOWARD, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOYSE HOWARD, JR. ) | NO. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR EMPLOYMENT** |
| ) | **DISCRIMINATION** |
| v. ) | |
| ) | **(JURY TRIAL DEMANDED)** |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION dba AMTRAK, STEVE ) | |
| SHELTON, PATSY HALL, JOE DEELY and ) | |
| DOES 1 through 15 inclusive, ) | |
| ) | |
| Defendants. ) | |

Plaintiff MOYSE HOWARD, JR. by and through his attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. Sections 1981(a), and 2000(e) . Plaintiff invokes jurisdiction over his federal claim pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343.  The acts and practices complained of herein occurred in within this judicial

district, in Alameda County, California.

2.  Plaintiff invokes jurisdiction over his state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3.  Plaintiff MOYSE HOWARD, JR. ("Plaintiff" or "MR. HOWARD") is a United States citizen and an adult, African American male. While employed by Defendant AMTRAK, MR. HOWARD resided in Hercules and worked in Oakland, California.

4.  Defendants named herein are:

(a)  NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK (hereinafter "AMRAK") is now and at all times mentioned herein was a private entity, organized and created by the United States, to provide rail travel for hire for passengers and freight throughout the United States: and

(b)  STEVE SHELTON, PASTY HALL, and JOE STEELY are now and at all times mentioned herein were managers and officials of Defendant AMTRAK with sufficient authority to bind AMTRAK with regard to employment decisions which adversely affected MR. HOWARD'S employment and working conditions.

5.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries were proximately caused by their conduct. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.  At all times herein mentioned, each Defendant was an employee and agent

of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint.  MR. HOWARD believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others.

## FACTUAL ALLEGATIONS

7.  MR. HOWARD began his career with AMTRAK on or around June 6, 1994.  Over the past 10 years, MR. HOWARD worked his way up through the ranks to eventually become a crew base manager.  During his employment with AMTRAK, MR. HOWARD consistently received accolades and positive performance reviews.  After he filed a discrimination complaint with AMTRAK's dispute resolution office, and after he testified for the plaintiff in an employment race discrimination case against AMTRAK, MR. HOWARD began receiving adverse treatment.  MR. HOWARD was also a publicly identified class member in *Kenneth Campell, et al. v. National Railroad Passenger Corporation* in the United States District Court for the District of Columbia, No. 1:99CV02979, an employment discrimination case on behalf of African American employees of AMTRAK.

8.  On or around June 2003, a makeshift cash office was installed in MR. HOWARD'S crew base.  The cash office held as much as $40,000.00.  MR. HOWARD, as a manager, was responsible for the safety and security of his employees.  He realized that safety precautions should be implemented to safeguard the substantial amount of cash kept in the office.  Prior to implementation of the security devices, MR. HOWARD discussed and consulted other managers about whether he should implement these security precautions.

9.  MR. HOWARD contacted the Reed Brothers, a long time AMTRAK security vendor.  Early January 2004, he ordered necessary security devices including locks, keys, and

security screens for windows from the Reed Brothers. Some of the invoices from Reed Brothers invoices listed other AMTRAK managers as contact persons.

10. On or about August 2004, MR. HOWARD began receiving peculiar requests from AMTRAK managers regarding various work issues. Ms. Patsy Hall, a Caucasian woman and MR. HOWARD's immediate supervisor, requested an explanation for the security purchases dating from 2003. He complied with her request and supplied a detailed written explanation for each invoice including the functions and purposes of the security devices. Despite his compliance with her request, ANTRAK alleged that MR. HOWARD's information was insufficient.

11. In May of 2004, MR. HOWARD was called to testify for the plaintiff in a long standing and bitterly fought employment discrimination suit against Defendant AMTRAK. After his testimony, AMTRAK began to highly scrutinize and criticize MR. HOWARD's work, and AMTRAK began to treat him differently than it treated other similarly situated managers.

12. On August 25, 2004, Steven Shelton, a Caucasian male and superintendent at AMTRAK, terminated MR. HOWARD for alleged poor work performance and insubordination.

13. On October 8, 2004, MR. HOWARD timely filed a charge of discrimination based upon race discrimination and retaliation with the California Department of Fair Housing and Employment (hereinafter referred to as "DFEH") against AMTRAK. He exhausted his administrative remedies with respect to Title VII of the 1964 Civil Rights Act by submitting a charge to the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC). On October 15, 2004, the DFEH issued Mr. Howard notice of right to sue. On information and belief MR. HOWARD thereon alleges that within the preceding 90 days, the EEOC issued his notice of his right to sue, which he is yet to receive.

///

**DAMAGES**

14. As a result of the acts alleged herein, MR. HOWARD sustained and will continue to sustain substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, MR. HOWARD has suffered and will continue to suffer damages to his career and reputation, in an amount to be determined according to proof.

15. As a further proximate result of the Defendants' actions as alleged herein, MR. HOWARD was humiliated, hurt and injured in his health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MR. HOWARD's damage in an amount to be shown according to proof.

16. Defendant AMTRAK's acts were willful, wanton, malicious and oppressive in that it knew or should have known that its conduct was unreasonable and illegal. Furthermore, Defendant AMTRAK's acts were carried out in wilful and conscious disregard of MR. HOWARD's rights and well-being, entitling MR. HOWARD to punitive damages in an amount appropriate to punish or make an example of Defendant AMTRAK.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1981**
**RACE DISCRIMINATION**

17. MR. HOWARD incorporates by reference Paragraphs 1 through 16, as if fully set forth herein.

18. In committing the acts and omissions alleged herein, Defendant intentionally, and without justification, deprived MR. HOWARD of the rights, privileges and immunities secured to him by the Constitution and laws of the United States, particularly his right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

19. In doing each and all of the acts alleged herein, Defendants acted in conformance with AMTRAK's official policy, custom and practices of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RACE DISCRIMINATION

20. MR. HOWARD incorporates by reference Paragraphs 1 through 19, as if fully set forth herein.

21. This action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 U.S.C. Section 2000e *et seq.* (hereinafter "Title VII"), to obtain relief for MR. HOWARD for discrimination in employment because of his race.

22. MR. HOWARD is a member of a protected group under Title VII of the Civil Rights Act.

23. Defendant AMTRAK's discriminatory actions against MR. HOWARD in violation of Title VII have also caused and will continue to cause him loss of income, and losses of all other benefits accruing to said employment opportunity.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RETALIATION

24. MR. HOWARD incorporates by reference Paragraphs 1 through 23, as if fully set forth herein.

25. During the years of his employment with Defendant AMTRAK, MR. HOWARD has had a reasonable good faith belief that the actions of the Defendants violated Title VII. Based upon this belief, MR. HOWARD complained to his supervisors regarding its

unlawful actions.

26. Defendant AMTRAK was aware that MR. HOWARD engaged in protected activity, including but not limited to the discrimination complaint he filed with AMTRAK's dispute resolution office.

27. As a result of MR. HOWARD's protected activity, Defendant AMTRAK subjected MR. HOWARD to adverse treatment, including but not limited to refusing to his termination.

28. In violation of Title VII and in violation of the provisions of 42 United States Code §1981, Defendants, their agents, representatives and employees retaliated against MR. HOWARD for exercising his statutorily protected rights.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RACE DISCRIMINATION**

29. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. Defendants, by their conduct as herein alleged, deprived Plaintiff on the grounds of his race, of his rights, privileges and immunities secured by the laws of the State of California, particularly his right to be free from discrimination based on his race under Section 12940 *et seq.* of the Government Code.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RETALIATION**

31. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. In further violation of FEHA, Defendants, their agents, representatives and

employees retaliated against Plaintiff for exercising his statutorily protected rights.

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN
### VIOLATION OF PUBLIC POLICY

33. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. The right to discharge an employee under any contract of employment is limited by considerations of public policy.

35. There exists a fundamental anti-discrimination public policy in the state of California and in the United States as reflected in the California Constitution, Article I, Section 8, the Fair Employment and Housing Act, Government Code § 12940, *et seq.*, Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e, *et seq.*] and the Fourteenth Amendment to the U.S. Constitution expressing public hostility to employment discrimination, retaliation for opposing employment discrimination, and those who aid and abet such discrimination and other actions which disable African-Americans from full participation in the economic arena. This race-based employment discrimination and retaliation for opposing same which resulted in Plaintiff's termination as alleged herein thereby violates said public policy and had the effect of preventing Plaintiff from pursuing his vocation and continuing in the position from which he was terminated by defendant herein.

36. There also exists a fundamental public policy in the state of California and in the United States as reflected in California Labor Code § 1102.5, subdivision (b), which prohibits employer retaliation against an employee who reports a reasonably suspected violation of the law. This statute reflects the broad public policy interest in encouraging workplace whistle blowers, who may without fear of retaliation, report concerns regarding an employer's illegal

conduct. This public policy extends to employees who are not directly protected by the statute itself because Labor Code § 1102.5 evinces a strong public interest in encouraging employee reports of illegal activity in the workplace. An employer may not terminate an employee for disclosing to a government agency or management the employer's possible illegal conduct without violating fundamental public policy.

37. Plaintiff engaged in activity protected by the fundamental public policy set forth in Labor Code § 1102.5 when he filed a complaint in response to the discrimination alleged herein. Plaintiff is informed and believes and thereupon alleges that this activity was a motivating factor behind the retaliation which subsequently led to his termination.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. In doing each and all of the acts alleged herein, Defendant engaged in a course of conduct which was intentional, extreme and outrageous. Defendant discriminated against Plaintiff with wanton and reckless disregard of the harm or injury that might result to Plaintiff, and then retaliated against Plaintiff for reporting its unlawful conduct.

40. As the proximate result of the acts above, Plaintiff suffered humiliation, mental anguish, and severe emotional and physical distress.

41. The acts of Defendant alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

///

## EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Defendant had a statutory duty to take affirmative steps to prevent racial harassment and/or hostile work environment from occurring, and to take proper remedial steps to end harassment and hostility once it became known to it (See 42 U.S.C. §2000e *et seq.* and California Government Code §12940, *et seq.*).

44. Defendant also had a duty to refrain from discriminating against any employee who has opposed any practices forbidden by Government Code § 12940 and to refrain from aiding, abetting, inciting, compelling, or coercing the doing of any of the acts forbidden by Government Code § 12940, *et seq.*

45. Defendant knew or should have known that its failure to exercise due care in its response to Plaintiff's complaints of unlawful conduct would cause Plaintiff severe emotional distress.

46. Defendant breached its duty of care to Plaintiff by failing to engage in fair, if any, investigation of Plaintiff's complaints of discrimination and then by retaliating against Plaintiff for complaining about the aforementioned discrimination.

47. In doing each and all of the acts alleged herein, Defendant engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, according to proof at trial; trial;

2. For back pay, reinstatement, and the monetary value of lost fringe benefits;

3 For prejudgment interest at the legal rate upon the amount of Plaintiff's monetary losses; and

4. Punitive and exemplary damages in an amount appropriate to punish and make an example of Defendant AMTRAK, to be determined at the time of trial;

5. Injunctive relief against Defendant AMTRAK, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African American employees on the basis of race, and compelling Defendant to take affirmative steps to insure a safe and fair work environment for any African American employees; and

6. Such other and further relief as the Court deems just and proper.

Dated: October 7, 2005                     PRICE AND ASSOCIATES

                                           _____
                                           P. BOBBY SHUKLA, Attorneys for
                                           Plaintiff MOYSE HOWARD, JR.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of his Complaint.

Dated: October 7, 2005                     PRICE AND ASSOCIATES

                                           _____
                                           P. BOBBY SHUKLA, Attorneys for
                                           Plaintiff MOYSE HOWARD, JR.