PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
P. BOBBY SHUKLA, ESQ. (STATE BAR NO. 229736)
PRICE AND ASSOCIATES
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA  94612
Telephone:  (510) 452-0292
Facsimile: (510) 452-5625

HOWARD MOORE, JR., ESQ. (STATE BAR NO. 55228)
KOJO MOORE, ESQ. (STATE BAR NO. 236483)
MOORE & MOORE
445 Bellevue Avenue, Suite 202
Oakland, CA 94610
Telephone: (510) 451-0104
Facsimile: (510) 451-5056

Attorneys for Plaintiff
MOYSE HOWARD, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOYSE HOWARD, JR. | NO. C05-4069 SI |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 60(b)** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, STEVE SHELTON, PATSY HALL, JOE DEELY and DOES 1 through 15 inclusive, | DATE:  AUGUST 25, 2006<br>TIME:  9:00 A.M.<br>CTRM:  10, 19th Floor |
| Defendants. | HON. SUSAN ILLSTON |

**TO:   ALL DEFENDANTS AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 25, 2006 at 9:00 a.m., before the Honorable Susan Illston, United States District Court Judge, in Courtroom 10, 19th Floor, 455 Golden Gate Avenue, San Francisco, California, 94102, or as soon thereafter as the matter can be heard, Plaintiff MOYSE HOWARD, JR. will move the Court for relief under Federal Rules of Civil Procedure, Rule 60(b).

1141P227
-1-
PLAINTIFF'S RULE 60(b) MOTION (C05-4069 SI)

  The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of P. Bobby Shukla and on such further oral and/or documentary matter as may be presented at the time of the hearing on the motion.

Dated: July 21, 2006            PRICE AND ASSOCIATES

                          -S-

                     _____
                     P. BOBBY SHUKLA, Attorneys for
                     Plaintiff MOYSE HOWARD, JR.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

  Plaintiff MOYSE HOWARD ("MR. HOWARD") was a veteran employee of Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") for over a decade. AMTRAK entrusted MR. HOWARD with a managerial position and he received praise from superiors at AMTRAK for his work and commitment to the company. Despite his strong reputation of service to the company, MR. HOWARD was concerned that AMTRAK discriminated against its African-American employees. These concerns were based on MR. HOWARD's own experiences of discrimination and on his observations of discrimination against other African-Americans.

  In May 2004, MR. HOWARD testified against AMTRAK in a race discrimination case. Almost immediately following his testimony, MR. HOWARD was baselessly scrutinized and harassed by AMTRAK management. In August 2004, a few months following his testimony, MR. HOWARD's 10-year career at AMTRAK came to an abrupt end when he was terminated. Since his termination, MR. HOWARD has applied for several other positions within AMTRAK. Despite his national seniority status within AMTRAK's union, he was not hired for any position for over a year. Finally in January 2006, he was hired as a seasonal utility worker at a drastic reduction in pay. He continues to work as a utility worker but now must travel to Seattle to do so at his own expense. MR. HOWARD currently makes $14.33 per hour or less than $30,000 per year. His annual salary

in 2004 was $60,000.

MR. HOWARD's termination was a devastating blow to him, his family and his reputation. As a result of his severe emotional distress, he was forced to seek mental health treatment. He is currently under the care of a therapist.

## STATEMENT OF THE CASE

Plaintiff MOYSE HOWARD ("Plaintiff") filed this action on October 7, 2005. A First Amended Complaint on February 21, 2006. Defendants filed their answer on February 27, 2006. The Initial Case Management conference was held on March 17, 2006. Plaintiff filed a Second Amended Complaint on March 31, 2006, and Defendants filed their answer on April 21, 2006.

On June 30, 2006, counsel for the parties attended a Further Case Management Conference via telephone. Following the Further Case Management Conference, and upon Plaintiff's request, the Court granted Plaintiff leave to file a Third Amended Complaint on or before July 14, 2006. Due to Plaintiff's counsel's action of inadvertently forgetting to file the Third Amended Complaint once it was finalized on July 14, 2006, the document was not filed on that date. On July 17, 2006, Plaintiff's counsel filed his Third Amended Complaint adding a separate cause of action against AMTRAK under Title VII for retaliation.

### I.   PLAINTIFF'S COUNSEL HAS MET THE TEST FOR EXCUSABLE NEGLECT UNDER RULE 60(b)

Federal Rules of Civil Procedure, Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time.

The Supreme Court analyzed the circumstances under which missing a filing deadline counts as "excusable" or "inexcusable" neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489. (1993). The *Pioneer* Court held that the determination of what constitutes "excusable" neglect is at bottom an

equitable determination, taking into account all relevant circumstances surrounding the party's omission. (*Pioneer*, 507 U.S. at 395). These relevant circumstances include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant [1] ; and (4) whether the movant acted in good faith. (*Id*). The equitable test set out in *Pioneer* applies to Rule 60(b). (*Briones v. Riviera*, 116 F.3d 379, 381 (9th Cir. 1997).)

Applying a *Pioneer* analysis, equities weigh in favor of Plaintiff's motion. There is no danger of prejudice to Defendants in Plaintiff's filing of his Third Amended Complaint on Monday, July 17, 2006, instead of the Court's deadline of Friday, July 14, 2006. Plaintiff filed his Third Amended complaint three calendar days and only one court day after the date set by the Court. (PBS DEN @ p. 3:9-13; 4:6-7). This minor delay does not prejudice Defendants in any way since Defendants' right to oppose the amendment is not affected whatsoever, nor does the delay have any impact on judicial proceedings. (*Knox v. Lines*, 463 F.2d 561, 566 (9th Cir. 1972) (Four day delay in filing was minor, insignificant and inconsequential especially because it spanned a four-day period which included a weekend).)

Under Rule 60(b), "excusable neglect" is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim. (*Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959).) A Rule 60(b) motion may consider the merits of the untested claim and determine whether setting aside the order will prejudice the other party. (*Schwab,* 508 F.2d at 355); *Provident Security Life Insurance Co. v. Gorsuch*, 323 F.2d 839, 842-43 (9th Cir. 1963), *cert. denied*, 376 U.S. 950, 84 S. Ct. 966 (1964).)

---

[1]   The third factor has limited applicability in the context of Rule 60(b). (*Briones v. Riviera*, 116 F.3d 379, 381, 382 (9th Cir. 1997).) Rule 60(b) does not require that the delay was caused by reasons beyond the movant's control because the rule concerns negligence. (*Pioneer*, 507 U.S. at 394.)

Plaintiff's counsel's failure to file the Third Amended Complaint was a result of inadvertence or "excusable neglect." (PBS DEN @ p. 3:21-4:5.) Once the Court has determined that counsel's action concerns negligence, equitable considerations determine whether the neglect is excusable. (*Pioneer*, 507 U.S. at 395.) In denying Plaintiff's motion, Plaintiff would lose his opportunity to litigate the further retaliation he alleges he has experienced by Amtrak. (PBS DEN @ p. 2:6-10.)

Furthermore, Plaintiff's counsel acted in good faith at all times and the minor delay in filing was the result of inadvertent mistake. (PBS DEN @ p. 3:9-13; 4:6-7.) (*Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding that, although the reason for the delay was "weak," the Rule 60(b) motion should have been granted because of the equitable considerations such as the lack of prejudice to non-moving party and the small impact on the judicial system).)

In the present case, an analysis of equities favors the grant of the Plaintiff's motion because: (1) the delay in filing was minor; (2) Plaintiff's counsel's acted in good faith; (3) Plaintiff would be greatly prejudiced by the denial of motion by losing his claim of further retaliation; and (4) Defendants face no prejudice at all by the grant of Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to excuse the late filing of his Third Amended Complaint based on excusable neglect pursuant to Federal Rules of Civil Procedure, Rule 60(b).

Dated:  July 21, 2006                                  PRICE AND ASSOCIATES

                                                                      /s/
P. BOBBY SHUKLA, Attorneys for Plaintiff
MOYSE HOWARD, JR.