**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,                                        No. C 05-4069 SI

              Plaintiff,                        **ORDER RE: DISCOVERY DISPUTES**

  v.

NATIONAL RAILROAD PASSENGER
CORPORATION, et al.,

              Defendants.
_____/

**I.**    **Plaintiff's motion to compel documents regarding individual defendants' financial condition** (Docket Nos. 62 and 70)

      Plaintiff moves to compel the production of documents relating to the individual defendants' financial condition.  Plaintiff contends that this discovery is relevant to the punitive damages claims against these defendants.  Defendants oppose the motion, arguing, *inter alia*, that as a matter of law individual defendants cannot be held liable for any damages under either Title VII or 42 U.S.C. § 1981.[1]

      Defendants are correct that the individual defendants may not be held personally liable under Title VII.  *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).  However, although the Ninth Circuit has not addressed the issue of whether individual defendants may be liable under 42 U.S.C. § 1981, other circuits have allowed such claims.  *See*, *e.g.*, *Whidbee v. Gharzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000); *Al-Khazraji v. St. Francis College*, 784 F.2d 505, 518 (3d Cir. 1986), *aff'd on other grounds*, 481 U.S. 604 (1987); *Tillman v. Wheaton-Haven Recreation Ass'n*, 517 F.2d 1141, 1146 (4th Cir. 1975).  Neither party addresses this authority.

_____

     [1]  The individual defendants are named as defendants on plaintiff's § 1981 claim, but not on plaintiff's Title VII claim.

**United States District Court**
For the Northern District of California

1    Because the parties have not fully briefed the issue, the Court does not at this time decide

2    whether punitive damages are available against the individual defendants in this action.  However, the

3    Court will permit plaintiff's discovery relevant to this damages claim.  Accordingly, the Court GRANTS

4    plaintiff's motion to compel documents regarding the individual defendants' financial condition.  Such

5    discovery may be produced pursuant to a protective order.

6

7    **II.      Plaintiff's motion to compel depositions** (Docket Nos. 63 and 69)

8    Plaintiff seeks to compel the depositions of two individual defendants and two percipient

9    witnesses.  Plaintiff states that at a recent deposition, counsel agreed on the record  that plaintiff could

10   take these depositions past the discovery cutoff, but that now defendants are refusing to abide by that

11   agreement.  Defendants, in contrast, state that they only agreed that plaintiff could take the individual

12   defendants' depositions up to one week past the February 15, 2007 discovery cut-off – which plaintiff

13   failed to do – and that they never agreed to allow depositions of percipient witnesses past the cut-off.

14   Inexplicably, neither party has provided the Court with an excerpt of the deposition transcript

15   documenting the parties' agreement.  Without a copy of that agreement, the Court is unable to determine

16   whose version of events is correct.  Accordingly, the Court DENIES plaintiff's motion to compel

17   without prejudice to renewal.  If plaintiff renews this motion, plaintiff shall submit a copy of the

18   deposition excerpt documenting the parties' agreement.

19

20   **III.     Plaintiff's motion to compel documents and answers to interrogatories** (Docket Nos. 61 and
21          68)[2]

22   Plaintiff moves to compel the following categories of documents: (1) employment records of the

23   individual named defendants Deely, Hall and Shelton; non-party employees who allegedly complained

24   about plaintiff; and "similarly-situated" employees (Document Requests 1-8); (2) statistical information

25   regarding the employment of African-Americans in management positions (Requests 33-34); (3) EEO

26   complaints and investigations involving race discrimination against Amtrak in the Pacific Division, and

27   _____

28          [2] Neither party provided the Court with a copy of the document requests and interrogatories at
     issue, and thus this order relies on the parties' description of the discovery.

1    against named defendants Deely, Hall and Shelton (Requests 35-37, 48 and 53); and (4) Amtrak's

2    documentation of plaintiff's protected activities (Requests 27, 44 and 47).

3        Plaintiff moves to compel further responses to interrogatories requesting the following

4    information: (1) the identity of African-Americans who reported to the individual defendants Deely,

5    Hall and Shelton (Interrogatory Nos. 2, 3 and 4); (2) Amtrak's documentation of plaintiff's protected

6    activities (No. 8); (3) other similarly-situated managers terminated by Amtrak (Nos. 15-16); (4) the

7    numbers of African-Americans hired and fired in the Pacific Division (Nos. 17-20); (5) the identity of

8    persons suing Amtrak for racial discrimination (No. 21); and (6) the basis for defendant's denial of

9    plaintiff's request for admissions (Nos. 22-25).

10       Defendant opposes this discovery on numerous grounds. First, defendant complains that plaintiff

11   delayed in moving to compel until just before the deadline for such motions. Although the Court is

12   sympathetic to defendants' concerns, the fact remains that plaintiff's motion is timely. However, certain

13   of the document requests and interrogatories seek statistical information that would be appropriate only

14   for expert analysis; the deadline for expert disclosures has passed, and the deadline for filing dispositive

15   motions is imminent. Accordingly, the Court finds that plaintiff has waited too long to compel

16   statistical information regarding the employment of African-Americans in management positions

17   (document requests 33-34), and information about the numbers of African-Americans hired and fired

18   in the Pacific Division.

19       However, the Court finds that plaintiff is entitled to the balance of the discovery sought, with

20   certain limitations. Defendant objects that certain of the interrogatories, such as interrogatory numbers

21   15 and 16, are burdensome because they seek information on a nationwide basis. The Court agrees, and

22   limits the geographic scope of the discovery to the Pacific Division. Defendants' remaining objections

23   are not well-founded, and the Court finds that the discovery sought is relevant to plaintiff's claims of

24   discrimination and retaliation.

25

26       **IT IS SO ORDERED.**

27   Dated: March 13, 2007

28                                                    SUSAN ILLSTON
                                                     United States District Judge

United States District Court
For the Northern District of California

3