IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOYSE HOWARD, | No. C 05-4069 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., | |
| Defendants. | |

On May 16, 2007, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 29, 2007. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 9 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted various proposed jury instructions, and may submit a further set of agreed-upon substantive instructions by May 25, 2007. The Court will conduct an instruction conference at a later date prior to submission to the jury.

4. **Trial exhibits**: No later than May 25, 2007, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with

three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5.  **Timing of trial**: The parties estimated that the trial should take approximately 10 days for each side. However, the witness lists presented by the parties demonstrate significant overlap as well as considerable cumulative witness testimony. Additionally, rulings on the motions in limine will reduce the scope and number of witnesses. Accordingly, the Court determines that the trial should take no more than 12 days. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 24 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument. In the event that the parties determine that they wish to bifurcate the punitive damage phase of the trial, these figures will be adjusted accordingly.

6.  **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. The Court is unavailable the week of June 11, 2007.

7.  **Motions in limine**:   The parties filed motions in limine, as follows:

**Plaintiff's motions:**

1) <u>Plaintiff's motion to exclude evidence of irrelevant and stale complaints and discipline against plaintiff:</u> Plaintiff seeks to exclude evidence of his work history at Amtrak, including evidence of complaints made by his subordinates against him and discipline he received. The motion is DENIED, because plaintiff's work history is part of the context in which his eventual termination occurred. However, given the fact that some of the events are remote in time (1995) and none of them is directly related to the specific reasons articulated for plaintiff's termination, the Court does not anticipate that

2

much time will be spent on these issues and, if it is, the Court will entertain objections based on undue consumption of time at trial or confusion of the record.

2) <u>Motion to exclude expert opinion testimony by defense witnesses:</u> This is unopposed and is consequently GRANTED. See also defendant's motion No. 6.

3) <u>Motion to exclude prior litigation by plaintiff</u>: Plaintiff has sued prior employers for racial discrimination, and plaintiff seeks to exclude evidence of these prior suits. The motion is GRANTED to the extent that it asserts that the prior lawsuits are irrelevant to the issue of racial discrimination in this case; the evidence is excluded for that purpose. However, ruling is deferred with respect to whether such evidence would impeach plaintiff's prior testimony. Defendant must seek Court approval prior to mentioning the prior lawsuits or asking questions concerning them.

**Defendant's motions:**

1) <u>Motion to exclude evidence regarding alleged comparable employees</u>: DENIED; defendant's objections go to the weight, not the admissibility, of this evidence.

2) <u>Motion to bifurcate liability and damages:</u> DENIED as to compensatory damages. The parties may decide whether to bifurcate punitive damages and inform the Court prior to the beginning of trial.

3) <u>Motion to exclude arguments requesting jurors to place themselves in the position of plaintiff or defendant</u>: GRANTED.

4) <u>Motion to exclude reference to discovery disputes</u>: GRANTED.

5) <u>Motion to exclude evidence concerning plaintiff's subsequent job applications with Amtrak</u>: GRANTED as to any argument that subsequent job applications were unlawfully denied. DENIED to the extent that the information is relevant to mitigation of damages.

6) <u>Motion to exclude expert witness testimony</u>:   Plaintiff disclosed but did not provide reports for three of plaintiff's treating physicians. Defendants seek to exclude their testimony for failure to comply with Rule 26. At the hearing, plaintiff stated his intention to file supplemental briefing on this issue. The Court will reserve ruling on the motion until after the parties have submitted supplemental briefing. Plaintiff's supplemental brief shall describe the nature and relevance of each physician's expected testimony, and shall provide authority for the assertion that an expert report was not required.

3

1 Within 3 days of the filing of any supplemental brief by plaintiff, defendant shall file a response.

2   7) <u>Motion to exclude evidence concerning the claimed protected activities</u>: DENIED for the reasons articulated in the 4/30/07 Order on the motion for summary judgment; these are questions of fact for the jury.

  8) <u>Motion to exclude evidence re *Campbell* case:</u> DENIED for the reasons articulated in the 4/30/07 Order on the motion for summary judgment; these are questions of fact for the jury. However, the parties are directed to prepare a neutral description of the *Campbell* case to reduce any prejudicial consequences.

  9) <u>Motion to exclude evidence re *Morgan* case</u>: DENIED for the reasons articulated in the 4/30/07 Order on the motion for summary judgment; these are questions of fact for the jury. However, the parties are directed to prepare a neutral description of the *Morgan* case to reduce any prejudicial consequences.

  10) <u>Motion to exclude evidence re racially hostile environment and harassment allegedly experienced by others</u>: GRANTED, except as to evidence concerning acts or statements by the decisionmakers in plaintiff's case (Steve Shelton, Patsy Hall, Joe Deely) or acts or statements related to plaintiff.

  11) <u>Motion to exclude evidence of racially-related remarks by Joe Deely not made directly to or about plaintiff</u>: DENIED.

  12) <u>Motion to exclude evidence of other employees' allegations of discriminatory conduct unrelated to plaintiff's claims</u>: GRANTED, except as to evidence concerning acts or statements by the decisionmakers in plaintiff's case (Steve Shelton, Patsy Hall, Joe Deely) or acts or statements related to plaintiff.

  13) <u>Motion to exclude evidence pertaining to attorney client communication regarding *Campbell v. Amtrak*</u>: DENIED without prejudice to renewal at the time of trial. It appears that defendant may have waived the attorney client privilege, as the memorandum at issue was first produced in connection with a deposition several months ago, yet defendant never sought the return of the document and did not file a motion with the Court. In addition, although defendant objected to plaintiff's reliance on the memorandum in connection with the summary judgment motion, defendant did not move to strike that

4

exhibit. The Court will entertain further argument on the issue of waiver at the time of trial.

14) <u>Motion to exclude evidence concerning individual defendants' wrongful conduct</u>: DENIED as to decisionmakers in plaintiff's case (Steve Shelton, Patsy Hall, Joe Deely).

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge