IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOYSE HOWARD, | No. C 05-4069 SI |
| Plaintiff, | [DRAFT] INSTRUCTIONS TO JURY |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., | |
| Defendants. | |

The parties are hereby notified that the Court intends to give the following instructions in this matter. A conference concerning their content will be conducted later this week. The Court will entertain other instructions jointly proposed by the parties.

Dated: June 18, 2007

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,                                                                  No. C 05-4069 SI

        Plaintiff,

  v.

NATIONAL RAILROAD PASSENGER
CORPORATION, et al.,

        Defendants.
                                                       /

INSTRUCTIONS TO JURY

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instruction, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

**BURDEN OF PROOF –
PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**SUMMARY OF CONTENTIONS**

Plaintiff Moyse Howard contends that his employer, defendant Amtrak, violated the prohibitions against racial discrimination and retaliation in employment found in: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e); the California Fair Employment and Housing Act (California Government Code § 12940 et seq.); and 42 U.S.C. Section 1981. Plaintiff also contends that his supervisors, defendants Joe Deely, Steve Shelton and Patsy Hall, violated the prohibition against retaliation in employment found in the California Fair Employment and Housing Act. Plaintiff also contends that he was wrongfully terminated in violation of public policy. Defendants deny all of plaintiff's contentions.

I will now explain the rules which apply to your decision on each of these claims.

**DISPARATE TREATMENT—**

Plaintiff Moyse Howard has brought a claim of employment discrimination against defendant Amtrak. The plaintiff claims that his race was a motivating factor for Amtrak's decision to terminate him from his management position. Defendant Amtrak denies that plaintiff's race played any role in the termination.

As to this claim, plaintiff Moyse Howard has the burden of proving both of the following elements by a preponderance of the evidence:

1. That defendant Amtrak took an adverse employment action against plaintiff, as defined below; and
2. That the plaintiff's race was a motivating factor in Amtrak's decision to terminate him.

If plaintiff Moyse Howard has failed to prove either of these elements, your verdict should be for defendant Amtrak.

If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendant Amtrak's decision was motivated both by race and a lawful reason, unless defendant Amtrak proves by a preponderance of the evidence that Amtrak would have made the same decision even if the plaintiff's race had played no role in the employment decision.

**"ADVERSE EMPLOYMENT ACTION" DEFINED - DISPARATE TREATMENT**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

**RETALIATION—ELEMENTS**

Plaintiff Moyse Howard also claims that Amtrak, Joe Deely, Steve Shelton and Patsy Hall retaliated against him by terminating him from the management position. Defendant Amtrak denies that retaliation played any role in the termination.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the plaintiff engaged in or was engaging in an activity protected under federal law, such as complaining of racial discrimination in employment;

2. That defendants subjected the plaintiff to an adverse employment action, as that is defined below; and

3. That the protected activity was a substantial or motivating factor in causing the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.

If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendants.


**"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES**

An action is an adverse employment action if it is reasonably likely to deter a reasonable employee from engaging in protected activity.

**FAILURE TO PREVENT DISCRIMINATION**

Plaintiff Moyse Howard claims that Amtrak failed to prevent racial discrimination and/or retaliation.  To establish this claim, plaintiff must prove all of the following:

1. That plaintiff was an employee of Amtrak;

2. That plaintiff was subjected to

   a. discrimination based on race;

or

   b.  retaliation because he opposed Amtrak's unlawful and discriminatory employment practices;

3. That Amtrak failed to take reasonable steps to prevent the discrimination or retaliation;

4. That plaintiff was harmed; and

5. That Amtrak's failure to take reasonable steps to prevent discrimination or retaliation was a substantial factor in causing plaintiff's harm.

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

Plaintiff Moyse Howard claims he was discharged from employment for reasons that violate a public policy. To establish that claim, plaintiff must prove all of the following:

1. That plaintiff was employed by Amtrak;

2. That Amtrak discharged plaintiff;

3. That racial discrimination and/or plaintiff's complaining about racial discrimination in employment was a motivating factor for plaintiff' discharge; and

4. That the discharge caused plaintiff harm.

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claims for race discrimination, retaliation, failure to prevent discrimination, or wrongful termination, or any of them, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

--The mental or emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life experienced by Moyse Howard.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In calculating damages, you may not consider lost earnings or future lost earnings, sometimes called back pay or front pay. The award of back pay or front pay, should you find Amtrak liable, will be decided and calculated by the Court. Likewise, you must not consider, or include as part of any award, attorney fees or expenses that plaintiff incurred in bringing this lawsuit; should you find Amtrak liable, those matters will be decided and calculated by the Court.

**MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1)  that the plaintiff failed to use reasonable efforts to mitigate damages, and

(2) the amount by which damages would have been mitigated.

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under state or federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

While you may consider similar acts towards others in determining the reprehensibility of Amtrak's conduct, you cannot punish Amtrak for harm to others who are not parties to the litigation. In other words, the amount that you award, if any, must bear a reasonable relation to the harm suffered by the plaintiff, and only the plaintiff.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. You verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.