IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.,

    Defendants.
                                /

No. C 05-4069 SI

**INSTRUCTIONS TO JURY**

The parties are hereby notified that the Court intends to give the following instructions in this matter.

Dated: June 26 2007

                                              SUSAN ILLSTON
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,

        Plaintiff,

  v.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.,

        Defendants.
                                 /

No. C 05-4069 SI

INSTRUCTIONS TO JURY

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instruction, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness' memory;

(3)   the witness' manner while testifying;

(4)   the witness' interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness' testimony;

(6)   the reasonableness of the witness' testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

**OPINION EVIDENCE**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

**BURDEN OF PROOF –
PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**CORPORATIONS AND PARTNERSHIPS**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, defendant Amtrak can only act through its employees, agents, directors or officers. Amtrak is responsible for the acts of its employees, agents, directors and officers performed within the scope of their authority. An agent or employee is acting within the scope of authority if he or she is engaged in the performance of duties, which were expressly or impliedly assigned to him or her. Steve Shelton, Patsy Hall and Joe Deely are employees of defendant Amtrak.

**TWO OR MORE PARTIES**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**CAUSE - GENERALLY**

To be awarded damages against a defendant, plaintiff must prove that the defendant's acts or omissions were a cause of plaintiff's injuries. "Cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission, it was caused by such act or omission. In other words, if a defendant's act or omission has such an effect in producing the injury that reasonable persons would regard it as being a cause of injury, then the act or omission is a cause.

A cause need not always be the nearest cause either in time or in space. In addition, there may be more than one cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

**SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**SUMMARY OF CONTENTIONS**

Plaintiff Moyse Howard contends that his employer, defendant Amtrak, and his supervisors, defendants Joe Deely, Steve Shelton and Patsy Hall, violated prohibitions against racial discrimination and retaliation in employment found in: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e); the California Fair Employment and Housing Act (California Government Code § 12940 et seq.); and 42 U.S.C. Section 1981.  Plaintiff also contends that Amtrak failed to prevent racial discrimination and/or retaliation, and that plaintiff was wrongfully terminated in violation of public policy.  Defendants deny all of plaintiff's contentions.

I will now explain the rules which apply to your decision on each of these claims.

**DISPARATE TREATMENT—**

Plaintiff Moyse Howard has brought a claim of employment discrimination against defendants. The plaintiff claims that his race was a motivating factor for Amtrak's decision to terminate him from his management position. Defendants deny that plaintiff's race played any role in the termination.

As to this claim, plaintiff Moyse Howard has the burden of proving both of the following elements by a preponderance of the evidence:

1. That defendant Amtrak took an adverse employment action against plaintiff, as defined below; and

2. That the plaintiff's race was a motivating factor in Amtrak's decision to terminate him.

If plaintiff Moyse Howard has failed to prove either of these elements, your verdict should be for defendants on this claim. If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, defendants prove by a preponderance of the evidence that Amtrak would have made the same decision even if the plaintiff's race had played no role in the employment decision, your verdict should be for defendants.

**"ADVERSE EMPLOYMENT ACTION" DEFINED - DISPARATE TREATMENT**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

**RETALIATION—ELEMENTS**

Plaintiff Moyse Howard also claims that defendants retaliated against him by terminating him from the management position. Defendants deny that retaliation played any role in the termination.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the plaintiff engaged in or was engaging in an activity protected under federal law, such as complaining of racial discrimination in employment or participating in a proceeding, such as a trial, in which racial discrimination was an issue;

2. That defendant Amtrak subjected the plaintiff to an adverse employment action, as that is defined below; and

3. That the protected activity was a substantial or motivating factor in causing the adverse employment action.

If plaintiff Moyse Howard has failed to prove any of these elements, your verdict should be for defendants on this claim. If plaintiff has proved all of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, defendants prove by a preponderance of the evidence that Amtrak would have taken the same adverse action even if the plaintiff's protected activity had played no role in the decision to take the adverse action, your verdict should be for defendants.


**"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES**

An action is an adverse employment action if it is reasonably likely to deter a reasonable employee from engaging in protected activity.

**FAILURE TO PREVENT DISCRIMINATION**

Plaintiff Moyse Howard also claims that Amtrak failed to prevent racial discrimination and/or retaliation. To establish this claim, plaintiff must prove all of the following elements by a preponderance of the evidence:

1. That plaintiff was an employee of Amtrak;

2. That plaintiff was subjected to

   a. discrimination based on race;

or

   b. retaliation because he opposed Amtrak's unlawful and discriminatory employment practices;

3. That Amtrak failed to take reasonable steps to prevent the discrimination or retaliation;

4. That plaintiff was harmed; and

5. That Amtrak's failure to take reasonable steps to prevent discrimination or retaliation was a substantial factor in causing plaintiff's harm.

If plaintiff Moyse Howard has failed to prove any of these elements, your verdict should be for Amtrak on this claim. If plaintiff has proved all of these elements, the plaintiff is entitled to your verdict on this claim.

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

Plaintiff Moyse Howard also claims he was discharged from employment for reasons that violate a public policy. To establish that claim, plaintiff must prove all of the following elements by a preponderance of the evidence:

1. That plaintiff was employed by Amtrak;

2. That Amtrak discharged plaintiff;

3. That racial discrimination or plaintiff's complaining about racial discrimination in employment was a motivating factor for plaintiff' discharge; and

4. That the discharge caused plaintiff harm.

If plaintiff Moyse Howard has failed to prove any of these elements, your verdict should be for defendants on this claim. If plaintiff has proved all of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, defendants prove by a preponderance of the evidence that Amtrak would have discharged plaintiff even if the plaintiff's race or protected activity (complaining about racial discrimination in employment) had played no role in the decision to discharge plaintiff, your verdict should be for defendants on this claim.

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claims for race discrimination, retaliation, failure to prevent discrimination, or wrongful termination, or any of them, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

Compensatory damages include economic damages, such as lost back pay, and other non-economic compensatory damages.

Back pay consists of the wages and employee benefits plaintiff would have received from the date of the defendants' conduct to the date of trial if he had not been treated unlawfully. From this amount, you should subtract the total amount the plaintiff earned during the same time period in wages or other income and benefits.

In calculating back pay damages, if any, you must not consider future lost earnings, sometimes called front pay. Likewise, you must not consider, or include as part of your award, attorney fees or expenses the plaintiff incurred in bringing this lawsuit. Should you find for the plaintiff, these matters will be decided by the court.

Other non-economic compensatory damages include a monetary award for the mental or emotional pain or suffering, inconvenience, reasonable medical expenses incurred, mental anguish and loss of enjoyment of life, experienced by Moyse Howard. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced in evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The damages that you award must be fair compensation, no more and no less.

Your award should not include any amounts intended solely to punish the defendants or deter future conduct; such damages, called punitive damages, may not be considered by you at this time, but may be considered at a second phase of your deliberations, depending on your findings during this phase of deliberations.

**MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:
(1)  that the plaintiff failed to use reasonable efforts to mitigate damages, and
(2) the amount by which damages would have been mitigated.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**MALICIOUS, OPPRESSIVE OR RECKLESS CONDUCT**

You will also be asked to determine whether conduct by any of the defendants was malicious, oppressive or in reckless disregard of the plaintiff's rights. If you find that any defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights, you will later be asked to consider punitive damages during a second phase of your deliberations.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under state or federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. You verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.