IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,         No. C 05-4069 SI

      Plaintiff,        **ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL**

  v.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.,

      Defendants.
                                         /

Plaintiff's motion for a new trial is scheduled for a hearing on September 28, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**LEGAL STANDARD**

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 gives the trial judge the power to prevent a miscarriage of justice. *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246 (9th Cir. 1957). A motion for new trial may invoke the court's discretion insofar as it is based on claims that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam); *see Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (trial court has "wide judicial discretion" in considering new trial motion). A trial court may grant a motion for a new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Roy v. Volkswagen of America, Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990) (quoting *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976)).

**DISCUSSION**

After a three-week plus trial, the jury in this matter returned a verdict against plaintiff and in favor of defendant. Plaintiff now moves for a new trial on the following grounds: (1) defendants' alleged discovery misconduct; (2) defense counsel's improper statements in closing argument and in questioning of plaintiff; and (3) admission of "character evidence" regarding plaintiff. The Court finds that none of these asserted grounds warrants a new trial.

**I.     Alleged discovery misconduct**

Plaintiff contends that defendants and/or defense counsel engaged in discovery misconduct by failing to produce responsive documents and failing to produce a privilege log identifying the documents prior to the start of trial. The failure to produce these documents was discovered during trial when defense counsel, while questioning plaintiff, relied on unproduced notes taken by representatives from Amtrak's Dispute Resolution Office and Equal Employment Office regarding conversations they had with plaintiff in the course of investigating plaintiff's claims of discrimination and retaliation. Once plaintiff learned of defendants' failure to produce the documents, plaintiff filed a motion to exclude the trial testimony of the representatives, Rickie Donofrio and Elias Munoz. Plaintiff did not move for a mistrial, or request that any curative instructions be given to the jury. The Court granted plaintiff's motion and barred defendants from calling those individuals as witnesses at trial, and further barred defendants from introducing the withheld documents as evidence.

"A new trial is properly granted where a party can: '(1) prove by clear and convincing evidence

2

that the verdict was obtained through fraud, misrepresentation, or other misconduct [and] (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense.'" *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) (citing *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990)). In *Wharf*, the Ninth Circuit held that a new trial on damages was warranted when the defense counsel knowingly misled the court and the jury by introducing into evidence, and arguing to the jury, that the plaintiff was still employed by the defendant. "Burlington's counsel misled Wharf into arguing, and misled the jury into believing, that Wharf's only income loss would be from his inability to do road work, or that Wharf could mitigate his damages through yard work. If Wharf had known he had been fired, he could have asked for additional damages from the jury." *Id.* at 638.

The Court finds that plaintiff has not met either prong of the *Wharf* test. First, plaintiff has not shown through clear and convincing evidence that the verdict was obtained through misconduct. Defendants have submitted numerous declarations from counsel and Amtrak employees explaining the circumstances surrounding defendants' document production. Although it is clear that there were breakdowns in that process that ultimately resulted in the failure to produce documents and a privilege log, the Court cannot conclude on this record that defendants intentionally engaged in discovery misconduct. In addition, plaintiff has not shown that the failure to produce the documents and privilege log affected the verdict. To the extent that plaintiff was prejudiced by defendants' failure to produce the documents, plaintiff sought – and the Court granted – sanctions to remedy any such prejudice.[1] *Cf. Porterfield v. Burlington Northern Inc.*, 534 F.2d 142, 145-46 (9th Cir. 1976) (misconduct not ground for reversal when party learned of misconduct during trial and requested and obtained curative jury instructions and did not move for mistrial).

Second, plaintiff has not established that the failure to produce the documents prevented him from fully and fairly presenting his case. Plaintiff generally asserts that if defendants had properly produced the documents prior to trial, counsel could have used the documents to prepare plaintiff for

---

[1] As defendants note, the exclusion of these witnesses and documents prevented defendants from putting on evidence potentially relevant to their defense of plaintiff's cause of action alleging that Amtrak failed to take reasonable steps to prevent and remedy alleged discrimination and retaliation.

3

1 cross-examination, determine the order of witnesses, prepare the cross-examination of individual
2 defendants, and identify and call third party witnesses. However, unlike the plaintiff in *Wharf* who
3 showed that the misconduct directly affected the damages portion of the trial, plaintiff does not state
4 with any specificity how the failure to produce the documents hampered his trial presentation.

## II. Closing argument

Plaintiff contends that a new trial is necessary because defense counsel improperly vouched for the credibility of defendants' witnesses and denigrated plaintiff's credibility.[2] Plaintiff argues that counsel's misconduct aroused the jury's passion, and that the proof of the prejudice to plaintiff lies in the fact that the jury deliberated for less than five hours before reaching a defense verdict. Plaintiff also argues that defense counsel's questioning of plaintiff based on the withheld notes "clearly suggested" that plaintiff could or would be impeached by this evidence.

"To warrant reversal on grounds of attorney misconduct, the flavor of the misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir. 1983) (internal quotation and citation omitted). As the Tenth Circuit has noted, "even though the argument be improper, the judgment should not be disturbed unless it clearly appears that the remarks in question unduly aroused the sympathy of the jury and thereby influenced the verdict." *Julander v. Ford Motor Co.*, 488 F.3d 839, 842 (10th Cir. 1973).

The Court finds that plaintiff has not shown that any of defense counsel's comments or questioning improperly influenced the jury. Plaintiff's counsel objected during both the closing argument and the questioning of plaintiff based on the withheld documents, and the Court sustained those objections. The jury was instructed that arguments and questions by counsel are not evidence, and that it was the province of the jury to assess the credibility of witnesses. The fact that the jury deliberated for less than five hours does not mean that the jury did not carefully and impartially consider the evidence, and the Court finds that the record supports the verdict.

---

[2] Plaintiff does not cite or quote any specific comments.

4

### III. "Character" evidence

Plaintiff does not cite any specific evidence that he claims was improperly admitted, and instead only generally asserts that the Court erred by allowing defendants to introduce "character" evidence regarding plaintiff, and that such evidence prejudiced plaintiff. "A new trial is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal quotation and citation omitted). Plaintiff's general and vague assertions neither demonstrate that the Court erred nor do they show that plaintiff was substantially prejudiced.

### CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a new trial. (Docket No. 216).

**IT IS SO ORDERED.**

Dated: September 27, 2007

SUSAN ILLSTON
United States District Judge